# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN BRIDENHAGEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19 C 3872 |
| | ) | |
| DEPARTMENT OF HOMELAND SECURITY | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff John Bridenhagen's ("Bridenhagen") application for leave to proceed *in forma pauperis* and motion for attorney representation. For the following reasons, the Court grants the requests.

## STATEMENT

On February 13, 2020, Bridenhagen filed a *pro se* amended complaint against Defendant the United States Department of Homeland Security ("DHS"). That same day, he filed an application to proceed *in forma pauperis* and a motion for attorney representation. Bridenhagen filed a second motion for attorney representation on June 4, 2020.

Under 28 U.S.C. § 1915(a)(1), any person may commence a civil action without the prepayment of fees if he or she cannot pay them. The Court must screen all complaints accompanied by an application for leave to proceed *in forma pauperis*, and

it must dismiss a complaint that "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(2)(B)(i)–(iii); *see Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of 28 U.S.C. § 1915 to cases brought by non-prisoners).

The Court draws all reasonable inferences in Bridenhagen's favor and construes all allegations in the light most favorable to him. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The complaint must set forth a "short and plain statement of the claim showing that [Bridenhagen] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Bridenhagen need not provide detailed factual allegations, but he must provide enough factual support to raise his right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). His complaint must provide more than "unadorned the-defendant[s]-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

On April 30, 2018, Bridenhagen submitted a FOIA request to the Department of Homeland Security (Request No. 2018|AFO-00192) for information about himself. His request was denied, citing as the reason for the denial FOIA Exemption 3 under which an agency may deny information if another statute requires that the information be withheld. *See* 552 U.S.C. § 552(b)(3). Bridenhagen appealed, but his appeal was also denied. *See* 1:19-cv-03872, Dkt. # 18 at 8. Bridenhagen now seeks judicial review of DHS's decision under 5 U.S.C. § 552(a)(4)(B).

Section 552(a)(4)(B) of the Freedom of Information Act (FOIA) states that a district court should review an agency's denial of a FOIA request de novo. 5 U.S.C. § 552(a)(4)(B). Pursuant to 5 U.S.C. § 552(a)(4)(B), the agency bears the burden of justifying its decision to withhold records pursuant to FOIA's statutory exemptions. 5 U.S.C. 552(a)(4)(B); *Baker v. Fed. Bureau of Investigation*, 2016 WL 7131522, at *2 (N.D. Ill. 2016), *aff'd*, 863 F.3d 682 (7th Cir. 2017). Accordingly, Bridenhagen's complaint passes muster under 28 U.S.C. § 1915(2)(B)(i)–(iii) as he seeks review of an agency decision denying his request for information.

Turning next to Bridenhagen's *in forma pauperis* petition, the Court finds that he has made a sufficient showing of indigence. He is single, suffers from a cognitive communication disorder, makes $9 per hour, owns a 2004 Toyota Camry valued at $2500, and does not collect any additional income. Accordingly, the Court grants Bridenhagen's *in forma pauperis* petition.

Regarding Bridenhagen's motion for attorney representation, "there is no constitutional or statutory right to counsel in federal civil cases." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Pursuant to 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). In determining whether to appoint counsel, the Court inquires (1) whether plaintiff has "made a reasonable attempt to obtain counsel or been effectively precluded from doing so," and in consideration of the difficulty of the case, (2) whether the plaintiff "appear[s] competent to litigate" the

3

matter herself. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Bridenhagen alleges that he has made concerted efforts to obtain counsel, reaching out to legal assistance groups, bar associations, and private counsel for representation. However, he remains unable to find an attorney. Given his financial position, his attempts to obtain counsel, his mental capacity to represent himself, and the intricacies of appealing the denial of a FOIA request, the Court grants Bridenhagen's motion for attorney representation.

## **CONCLUSION**

For the aforementioned reasons, the Court grants Bridenhagen's petition to proceed *in forma pauperis* and application for attorney representation. It is so ordered.

Dated: 7/16/2020

Charles P. Kocoras
United States District Judge